## ROLFE v. WOOSTER.

A note, paid in fact, is not upheld as a subsisting debt by a legal fiction of
equitable assignment when there is no ground of justice to support the
fiction.

ASSUMPSIT, on a note for $300, dated April 5, 1873, signed by the
defendant, payable to L. or order on demand, and endorsed by L. with-

out recourse. Facts found by a referee. April 5, 1873, the defendant bought land of L. for $1000, paid $700, and gave the note in suit, secured by a mortgage of the land. A year afterwards the defendant sold the land to A., who agreed to pay the note; and the land was described in the deed as subject to the mortgage. A. mortgaged the land to G., subject to L.'s mortgage, to secure another note, and sold his equity of redemption to B., but did not pay the $300 note. G.'s mortgage and note became the property of Rand, who sold them to B., giving him a written agreement to save him harmless from L.'s mortgage and note, and to see the note paid. August 28, 1875, Rand, by an agent, paid the $300 note to L., took it endorsed by L., took an assignment of L.'s mortgage, and afterwards executed upon the mortgage a discharge of it, and sent it by mail for record. Rand delivered the note to D., to be by him fraudulently sold to M.; and that purpose was accomplished, Rand and D. understanding that the note was paid; and M. sold it to the plaintiff in January, 1876.

*Rolfe*, for the plaintiff.

Rand did not pay the note, but bought it. The transfer of it to him should be considered an equitable assignment. The defendant has not paid it, nor furnished any means to pay it. When he pays it, he will be protected by the mortgage given by him to secure it. The equities of the case are with the plaintiff. *Cross* v. *Rowe*, 22 N. H. 77; *Edgerly* v. *Emerson*, 23 N. H. 555; *Elliot* v. *Abbot*, 12 N. H. 549; *Low* v. *Blodgett*, 21 N. H. 121; *Breck* v. *Blanchard*, 22 N. H. 303, 307.

*Murray* (with whom was *Mugridge*), for the defendant.

The note, payable on demand, was discredited when the plaintiff took it, nearly three years after its date. *Emerson* v. *Crocker*, 5 N. H. 159; *Chandler* v. *Drew*, 6 N. H. 469; *Carlton* v. *Bailey*, 27 N. H. 230. It ceased to be negotiable when it was paid by Rand. *Bryant* v. *Ritterbush*, 2 N. H. 212; *Tarbell* v. *Whiting*, 5 N. H. 63, 64; *R. Bank* v. *Claggett*, 29 N. H. 292. Rand took the second mortgage, subject to the first, and sold it for a price which necessarily included the amount of the first, because he agreed to pay the first. The defendant had provided for its payment by selling the land for its value, less the amount of that mortgage. If he were compelled to pay this debt, he would be subrogated to the benefit of the security of that mortgage, would become an equitable assignee of it, and could enforce it against the property. 1 Jones on Mortgages 769; *Kinnear* v. *Lowell*, 34 Me. 299; *Baker* v. *Terrell*, 8 Minn. 195; *Marsh* v. *Pike*, 10 Paige 595; *Hoysradt* v. *Holland*, 50 N. H. 433. It was not for Rand's interest that this should be done. The practical effect of their transactions was, that the defendant furnished the means to pay the note, and those means were used by Rand in paying the note, as he agreed to do. The consideration of Rand's agreement to pay it was a part of the

value of the land equal to the amount of the note, which part was received by Rand from B., his grantee of the second mortgage, and not by the defendant from his grantee.

DOE, C. J.   The defendant, in his sale of the land subject to the first mortgage, made an adequate appropriation of his property for the payment of this note ; and the benefit of this appropriation had been received by Rand, in his sale of the second mortgage, when he paid the note.   Rand was equitably as well as legally bound to pay it. Practically, it was paid out of the property appropriated by the defendant for its payment; and the equity of the case is with him as it would have been if the payment had been made by him in person with his own money.   There is nothing to take the case out of the general rule of discredited and paid notes.   Equity does not require that the defendant should be compelled to pay the note a second time, and incur the risk and expense of collecting it for the benefit of the plaintiff. The payment of it being intended, and understood by Rand to be an extinguishment of it, it was, in fact, paid ; and there is no ground of justice to support a legal fiction of equitable assignment.

*Judgment for the defendant.*

FOSTER and BINGHAM, JJ., did not sit : the others concurred.